Turner v. Buchsbaum, 207 Ill. App. 323.

## Ernest Turner, Plaintiff in Error, v. Samuel Buchsbaum, trading as S. Buchsbaum & Company, Defendant in Error.

### Gen. No. 23,087. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917.

### Statement of the Case.

Action by Ernest Turner, plaintiff, against Samuel Buchsbaum, trading as S. Buchsbaum and Company, defendant, to recover for personal injuries sustained while in the employ of defendant. From a judgment for defendant, plaintiff brings error.

Stedman & Soelke, for plaintiff in error; Swan M. Johnson, of counsel.

Mayer, Meyer, Austrian & Platt, for defendant in error; Abraham Meyer, of counsel.

Mr. Justice Dever delivered the opinion of the court.

### Abstract of the Decision.

1.  Master and servant, § 339*—*when servant assumes risk of accident.* Where a servant has notice for several days prior to an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

accident of the presence near a punch press of pieces of wood, junk and rubbish of various kinds, he assumes any risk of an accident happening from pieces of wood getting under the foot lever and throttle of the machine, which act causes a hammer, a part of the machine, to be released and drop upon his hand, the machine being ordinarily operated by means of the foot pedal.

2. MASTER AND SERVANT, § 123*—*what is duty of master as to safe place to work.* It is the duty of a master to use reasonable care in providing a punch-press operator with a safe place to work, and also to keep the machinery and tools used by the operator in a reasonably safe condition.

3. MASTER AND SERVANT, § 764*—*when verdict properly directed for defendant in action by employee for personal injuries.* In an action by a punch-press operator to recover for personal injuries sustained as the result of a piece of wood getting in the foot lever of the machine at which plaintiff was working and causing a hammer to be released and fall on plaintiff's hand, evidence *held* insufficient to show any negligence of defendant, and to warrant the directing of a verdict in defendant's favor.